IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PHILIP S. BURROFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-2595-CM |
| | ) | |
| **HARTFORD LIFE & ACCIDENT** | ) | |
| **INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff originally filed this action in Wyandotte County District Court alleging that defendant wrongfully denied him disability benefits under his employee benefit plan. (Doc. 1-1 at 7–10.) Defendant removed the action, contending that plaintiff's claim was preempted by the Employee Retirement Income Security Act ("ERISA"). (Doc. 1 at 1–4.) This matter is before the court on plaintiff's Motion to Remand (Doc. 9).

Since plaintiff filed his motion, defendant has conceded that the court may grant plaintiff's motion to remand. (Doc. 19 at 4.) While defendant initially took the position that ERISA preempted plaintiff's claim, defendant now concedes that the plan under which plaintiff is suing is a governmental plan as defined under 29 U.S.C. § 1002(32), which is specifically excluded from ERISA. *See* 29 U.S.C. § 1003(b)(1). Having no basis for federal subject matter jurisdiction, the court finds that remand is appropriate.

Plaintiff requests attorneys' fees and costs associated with the filing of his motion to remand. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A fee award is discretionary

-1-

-2-

with the court, and no showing of bad faith is needed to justify such an award. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994)). The court must look to the propriety of defendant's removal to determine whether fees and costs are proper. *Id.*

At issue is whether defendant should have known that plaintiff's employer, the University of Kansas Hospital Authority ("UKHA"), is considered a governmental agency. Here, defendant looked to annual reports UKHA filed with the Department of Labor and to information contained on UKHA's website to make that initial determination. (Doc. 19 at 1–2.) UKHA had filed Form 5500s for previous years, thereby indicating that UKHA's benefit plan was ***not*** a governmental plan, as government agencies are not supposed to file these forms. Moreover, UKHA's website indicated that it received no state funding. (*Id.* at 2.) After plaintiff filed his motion to remand, defendant contacted UKHA's counsel and was advised that UKHA intends for its disability benefit plan to be a governmental plan. (*Id.* at 3.) In deference to UKHA's interpretation of its own plan, defendant stated that it "will not assert that [UKHA's] disability plan is not a governmental plan." (*Id.*)

The court does not believe attorneys' fees and costs are appropriate in these circumstances. Defendant undertook reasonable steps to ensure that removal was warranted and then conceded the issue as soon as it discovered that UKHA deemed its disability plan a governmental plan. The court believes defendant had an objectively reasonable basis for removing the action and did not act in bad faith. The court denies plaintiff's request for fees and costs.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand (Doc. 9) is granted, and the Clerk is directed to remand this case to the District Court of Wyandotte County, Kansas.

**IT IS SO ORDERED.**

Dated this 11th day of June 2014, at Kansas City, Kansas.

                                                    s/ Carlos Murguia  
                                                    **CARLOS MURGUIA**  
                                                    **United States District Judge**